ON MOTION FOR REHEARING
Defendant Whigham moves pro se for rehearing of our decision affirming the trial court’s denial of his rule 3.850 motion for post-conviction relief. Defendant complains that we overlooked the ground in his handwritten motion complaining of the failure to accord him a separate hearing and other rights guaranteed under section 775.-084, Florida Statutes, when the trial court adjudged him an habitual offender and imposed an enhanced sentence of ten years for burglary.
On a prior direct appeal from this judgment and sentence, Whigham argued that the trial court failed to comply with section 775.084 and failed to make findings of fact sufficient to demonstrate that defendant’s enhanced sentence was necessary to protect the public from defendant’s further criminal conduct. In reply, the state argued that Whigham had failed to properly object to his sentencing under the enhanced penalty provision in the court below and that the propriety of the sentencing procedure should not be considered on direct appeal but, rather, by means of a 3.850 motion in the trial court. We affirmed per curiam, without a written opinion. Whigham v. State, 415 So.2d 1369 (Fla. 1st DCA 1982).
Whigham then filed, as suggested by the state, a rule 3.850 motion for post-convic *679 tion relief, alleging four grounds: (1) incompetency of counsel; (2) denial of his Fifth Amendment right against self-incrim-. ination; (3) lack of due process; and (4) imposition of an enhanced sentence in violation of his rights under section 775.084, Florida Statutes. ■ The lower court denied the motion without hearing, stating only that “all of the grounds set forth in the motion are those which were or should have been set forth in the defendant’s original appeal.”
The papers filed by Whigham in this court on appeal from that order intertwined his contentions regarding the enhanced sentence with the argument regarding ineffective assistance of counsel. We affirmed only the denial regarding ineffective assistance of counsel, and we adhere to that decision. We did not, however, address the enhanced-sentence issue as a separate issue.
Regarding the sentencing issue, it appears that Whigham has been caught in a “catch 22.” It was argued before that this issue was not properly before the court for review on direct appeal and should be presented by a 3.850 motion. Whigham’s 3.850 motion was denied because the issue was or should have been raised on the prior direct appeal. Enough said.
The motion for rehearing is granted. We reverse and remand for an evidentiary hearing on this ground of appellant’s motion.
REVERSED.
JOANOS, WIGGINTON and ZEHMER, JJ., concur.